


JUN 14 2004

By ______ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

JAMES CUMMINS, Plaintiff,

vs.

THE ARCHDIOCESE OF DUBUQUE, Defendant.

No. CV04-1028EJM

**COMPLAINT AND JURY DEMAND**

COMES NOW the Plaintiff, and by and through his attorneys, Dutton, Braun, Staack & Hellman, P.L.C., and for his Complaint and Jury Demand against the Defendant, states as follows:

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff, **James Cummins**, (hereinafter "Plaintiff") is a citizen and resident of the State of Texas, residing in Dallas, Texas.

2. Defendant, **The Archdiocese of Dubuque**, (hereinafter "Dubuque Archdiocese") is an Iowa Corporation with its principal place of business located at 1229 Mt. Loretta Avenue in Dubuque, Iowa.

3. The matter in controversy in this lawsuit exceeds the sum of $75,000, exclusive of interest and costs.

4. Jurisdiction in this lawsuit in federal district court is proper pursuant to 28

U.S.C. § 1332, as the matter in controversy exceeds $75,000 exclusive of interest and costs and is between citizens of different states.

5. Venue in this lawsuit in the United States District Court for the Northern District of Iowa, Cedar Rapids Division, is proper pursuant to 28 U.S.C. § 1391(a), as jurisdiction is founded only on diversity jurisdiction and the lawsuit is being brought in a judicial district where the Defendant resides.

## GENERAL ALLEGATIONS

6. Paragraphs 1 through 5 are incorporated by reference.

7. Plaintiff was a baptized and confirmed member of a parish church in the Dubuque Archdiocese, namely the Immaculate Conception parish in Cedar Rapids, Iowa. He attended catechism classes and served for many years as an alter boy and with his family, attended weekly mass.

8. From 1957 to 1961, Monsignor Maurice S. Sheehy was the resident pastor at the Immaculate Conception parish in Cedar Rapids.

9. From 1961 to 1967, Father William Roach was the resident pastor at the Immaculate Conception parish in Cedar Rapids.

10. At all material times, Father William Roach was an ordinated Roman Catholic priest.

11. At all material times, Father William Roach was under the authority, direct supervision, employ and control of the Dubuque Archdiocese, and was acting with the

scope of his representative employment and/or agency.

12. In the summer of 1962, in or near McGregor, Iowa, Father William Roach and one other Roman Catholic priest from the Dubuque Archdiocese (believed to be from the St. Mary's parish in McGregor) participated in an assault and sexual abuse and/or attempted sexual abuse of the Plaintiff and another minor child.

13. Later in the summer of 1962, the Plaintiff was with Father Roach alone in a town within 50 miles of Cedar Rapids. At that time and place, Father Roach and another Roman Catholic priest from the Dubuque Archdiocese participated in an assault and sexual abuse and/or attempted sexual abuse of the Plaintiff.

14. Plaintiff was 17 years old at the time these acts occurred.

15. At all material times, the two presently unidentified priests were ordained Roman Catholic priests.

16. At all material times, the two presently unidentified priests were under the authority, direct supervision, employ and control of the Dubuque Archdiocese, and were acting with the scope of their representative employment and/or agency.

17. Father Roach and the other presently unidentified priests were in positions of authority, trust, reverence and control as Roman Catholic priests, and while in such position, engaged in these described instances of harmful, illegal and immoral acts with Plaintiff.

18. After the second incident occurred, Plaintiff told his parents what happened, and Plaintiff's mother and/or father told Monsignor Maurice Sheehy of these incidents.

19. Plaintiff's mother was intent on Monsignor Maurice Sheehy notifying the Dubuque Archbishop of the incidents.

20. Despite Monsignor Sheehy being notified of the incidents, Father Roach remained at Immaculate Conception in Cedar Rapids until 1967, and continued to say the Mass and remain around and in contact with altar boys.

21. During the time that Father Roach and the other presently unidentified priests were engaged in these described instances of conduct with the Plaintiff, the Dubuque Archdiocese either knew, or should have known, of the improper and illegal sexual abuse and conduct perpetrated by these individuals. The Dubuque Archdiocese intentionally or negligently failed to take action against Father Roach and these individuals, including but not limited to investigating their actions, defrocking them, reporting them to law enforcement, warning members of the Diocese about them, disciplining them, documenting and maintaining records of their abuse and taking all reasonable steps to insure such actions, while under the Church's authority, control and employ, would not occur again.

22. The assault, sexual abuse and/or attempted sexual abuse of the Plaintiff and the later acts of the Dubuque Archidiocese caused Plaintiff to develop various psychological coping mechanisms and symptoms of psychological and psychiatric distress and injury, including but not limited to shame, guilty, post-traumatic stress, depression, repression and disassociation. As a result, Plaintiff was unable through reasonable effort to discover both the injury and the causal relationship between the injury and the abuse perpetrated upon him until late 2003, such that any applicable statute of limitations was

tolled to within two years of the filing of this lawsuit.

23. At all material times, a fiduciary relationship existed between Plaintiff and the Dubuque Archdiocese, Father Roach and the two presently unidentified priests.

24. The Dubuque Archdiocese, Father Roach and the two presently unidentified priests, individually and/or in concert with each other, took affirmative steps to fraudulently conceal the fact of these incidents, or at a minimum, remained silent and failed to act in Plaintiffs' interests when under a legal duty to do so.

25. Plaintiff diligently attempted to discover his cause of action against the Dubuque Archdiocese, but was reasonably unable to do so until late 2003, such that any applicable statute of limitations was tolled to within two years of the filing of this lawsuit.

26. At all material times, the Dubuque Archdiocese, Father Roach and the two presently unidentified priests, individually and/or in concert with each other, constituted authority figures that made it such that Plaintiff cannot reasonably be charged with knowledge of the inappropriateness of the conduct at issue, such that any applicable statute of limitations was tolled to within two years of the filing of this lawsuit.

## COUNT I – ASSAULT AND BATTERY

27. Paragraphs 1 through 26 are incorporated by reference.

28. In the summer of 1962, Father Roach and two other presently unidentified priests engaged in an assault and wrongful sexual conduct and contact upon the person of the Plaintiff.

29. Plaintiff did not consent to the acts of assault and battery committed against him as described herein.

30. As a result of the above-described conduct, Plaintiff has suffered, and continues to suffer, severe and permanent emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, loss of enjoyment of life, was and is permanently prevented from performing his normal daily activities and obtaining the full enjoyment of life, and has and will continue to incur expenses for medical and psychological and/or psychiatric treatment and counseling.

31. The acts of assault and battery committed by employees or agents of the Dubuque Archdiocese against the Plaintiff are a proximate cause of the injuries and damages suffered by the Plaintiff, including but not limited to past medical expenses, future medical expenses, past physical and mental pain and suffering, future physical and mental pain and suffering, past loss of full mind and body, and future loss of full mind and body.

32. The acts of assault and battery committed by employees or agents of the Dubuque Archdiocese against the Plaintiff were committed willfully and recklessly and with intentional and willful disregard for the rights of the Plaintiff. Plaintiff is therefore entitled to punitive damages.

**COUNT II – CHILDHOOD SEXUAL ABUSE**

33. Paragraphs 1 through 26 are incorporated by reference.

34. In the summer of 1962, Father Roach and two other presently unidentified priests engaged in unlawful sexual abuse with the person of the Plaintiff in violation of Iowa Code Section 709.1(3).

35. As a result of the above-described conduct, Plaintiff has suffered, and continues to suffer, severe and permanent emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, loss of enjoyment of life, was and is permanently prevented from performing his normal daily activities and obtaining the full enjoyment of life, and has and will continue to incur expenses for medical and psychological and/or psychiatric treatment and counseling.

36. The acts of sexual abuse committed by employees or agents of the Dubuque Archdiocese against the Plaintiff are a proximate cause of the injuries and damages suffered by the Plaintiff, including but not limited to past medical expenses, future medical expenses, past physical and mental pain and suffering, future physical and mental pain and suffering, past loss of full mind and body, and future loss of full mind and body.

37. The acts of sexual abuse committed by employees or agents of the Dubuque Archdiocese against the Plaintiff were committed willfully and recklessly and with intentional and willful disregard for the rights of the Plaintiff. Plaintiff is therefore entitled to punitive damages.

**<u>COUNT III – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS</u>**

38. Paragraphs 1 through 26 are incorporated by reference.

39. In the summer of 1962, Father Roach and two other presently unidentified priests willfully and intentionally engaged in wrongful sexual conduct with the Plaintiff, then a minor.

40. The Dubuque Archdiocese either knew or should have known of the conduct of its employees or agents as described above, and purposefully or intentionally failed to take action against them.

41. The conduct of the Dubuque Archdiocese toward the Plaintiff was so outrageous as to go beyond all possible bounds or decency, and is to be regarded as intolerable in a civilized community.

42. The Dubuque Archdiocese itself, and through its employees and agents, did and intended to inflict emotional distress upon the Plaintiff.

43. The outrageous conduct of the Dubuque Archdiocese itself, and through its employees and agents, was a proximate cause of severe emotional distress and damages suffered by the Plaintiff, including but not limited to past medical expenses, future medical expenses, past physical and mental pain and suffering, future physical and mental pain and suffering, past loss of full mind and body, and future loss of full mind and body.

44. As a result of the above-described conduct, Plaintiff has suffered, and continues to suffer, severe and permanent emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, loss of enjoyment of life, was and is permanently prevented from performing his normal daily activities and obtaining the full enjoyment of life, and has and will continue to incur expenses for medical and

psychological and/or psychiatric treatment and counseling.

45. The acts of the employees or agents of the Dubuque Archdiocese and the Dubuque Archdiocese itself toward the Plaintiff were committed willfully and recklessly and with intentional and willful disregard for the rights of the Plaintiff. Plaintiff is therefore entitled to punitive damages.

## COUNT IV – BREACH OF FIDUCIARY DUTY

46. Paragraphs 1 through 26 are incorporated by reference.

47. By holding themselves out as qualified Roman Catholic clergy, representatives of the Roman Catholic Church, priests, religious instructors, counselors and holy individuals, and by undertaking the religious instruction and spiritual and emotional counseling of Plaintiff, the Dubuque Archdiocese, Father William Roach, and the two presently unidentified priests entered into a fiduciary relationship with the Plaintiff.

48. The Dubuque Archdiocese itself, and by and through its employees and agents, breached their fiduciary duty to the Plaintiff by engaging in intentional, negligent and unlawful conduct described herein.

49. As a result of the above-described conduct, Plaintiff has suffered, and continues to suffer, severe and permanent emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, loss of enjoyment of life, was and is permanently prevented from performing his normal daily activities and obtaining the full enjoyment of life, and has and will continue to incur expenses for medical and

psychological and/or psychiatric treatment and counseling; his damages include but are not limited to past medical expenses, future medical expenses, past physical and mental pain and suffering, future physical and mental pain and suffering, past loss of full mind and body, and future loss of full mind and body.

50. The acts of the employees or agents of the Dubuque Archdiocese and the Dubuque Archdiocese itself toward the Plaintiff were committed willfully and recklessly and with intentional and willful disregard for the rights of the Plaintiff. Plaintiff is therefore entitled to punitive damages.

## COUNT V – NEGLIGENT HIRING, SUPERVISING, WARNING, DOCUMENTING, AND/OR RETAINING BY DEFENDANT DIOCESE

51. Paragraphs 1 through 26 are incorporated by reference.

52. The Archdiocese of Dubuque, by and through their agents, servants and employees, knew, or should have known, of Father Roach's harmful and unlawful conduct and the harmful and unlawful conduct of the presently unidentified priests.

53. The Archdiocese of Dubuque had a duty to exercise reasonable care in the hiring, supervising, documenting and retaining of Father Roach and the two presently unidentified priests, and to use reasonable care to provide adequate warning to the Plaintiff, his family and the parishoners of the harmful and unlawful conduct of these individuals.

54. The Archdiocese of Dubuque failed to properly exercise its duty of

reasonable care regarding Father Roach and the two presently unidentified priests under the circumstances, as it related to their hiring, their supervision, documentation regarding their conduct, and their retention.

55. The conduct of the Dubuque Archdiocese, as described in the preceding paragraphs herein, was a proximate cause of injury and damages sustained by the Plaintiff, including but not limited to past medical expenses, future medical expenses, past physical and mental pain and suffering, future physical and mental pain and suffering, past loss of full mind and body, and future loss of full mind and body.

56. As a result of the above-described conduct, Plaintiff has suffered, and continues to suffer, severe and permanent emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, loss of enjoyment of life, was and is permanently prevented from performing his normal daily activities and obtaining the full enjoyment of life, and has and will continue to incur expenses for medical and psychological and/or psychiatric treatment and counseling.

57. The acts of the employees or agents of the Dubuque Archdiocese and the Dubuque Archdiocese itself toward the Plaintiff were committed willfully and recklessly and with intentional and willful disregard for the rights of the Plaintiff. Plaintiff is therefore entitled to punitive damages.

FOR THESE REASONS, Plaintiff prays for judgment against Defendant in an amount that is fair and reasonable to compensate him for his damages as described herein, together will punitive damages, costs and interest as allowed by law, plus any other

relief that the Court deems just and equitable.

Respectfully Submitted,

DUTTON, BRAUN, STAACK & HELLMAN, P.L.C
Attorneys for the Plaintiff

BY: ______________________________
Thomas L. Staack Iowa Bar #000005220
LEAD COUNSEL

BY: ______________________________
Chad A. Swanson Iowa Bar #000014657

3151 Brockway Road
P.O. Box 810
Waterloo, Iowa 50704
(319) 234-4471
(319) 234-8029 FAX
staackt@wloolaw.com
swansonc@wloolaw.com

Original Filed.

Copy to:

Brendan Quann
O'Connor & Thomas, P.C.
700 Locust Street
Suite 200
Dubuque, Iowa 52001-6874

I:\Lit\Cummins\Pleadings\Complaint and Jury Demand.wpd