IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| JAMES CUMMINS,<br><br>        Plaintiff,<br><br>vs.<br><br>THE ARCHDIOCESE OF DUBUQUE,<br><br>        Defendant. | No. C04-1028<br><br>**ORDER** |

_____

Pursuant to the scheduling conference conducted in this matter, it is

ORDERED

1.    A telephonic final pretrial conference in this matter is set for 9:00 a.m. on November 18, 2005. The call will originate from the undersigned's chambers, United States District Courthouse, Cedar Rapids, Iowa.

Prior to said conference, counsel for all parties shall meet, prepare and sign a proposed order in the form that may be secured from the court's website (http://www.iand.uscourts.gov) (FORMS/DOWNLOADS; Judge John A. Jarvey-Final Pretrial Order) and submit (not file) it to the undersigned in Cedar Rapids, Iowa by not later than November 16, 2005. The following shall be included in the order:

a.    A list of all exhibits to be used at trial marked in compliance with Local Rule 83.9. Any exhibits not listed in the order will be subject to exclusion at trial and any objection not indicated will be deemed waived unless this order is modified prior to trial to prevent manifest injustice. All exhibits shall be made available to opposing counsel for inspection sufficiently prior to the final pretrial conference to permit objections to be noted in the order. Failure to provide exhibits for inspection shall constitute a valid ground for objection at trial and should be noted in the order.

b. Each party shall list the names, addresses, and the purpose of the testimony of all witnesses whom that party <u>will</u> call at trial. Counsel shall in good faith list every witness whom he will call to establish his case in chief and indicate whether the witness will testify in person or by deposition. By listing a witness, counsel guarantees that witness' presence at trial. Any witness not listed will not be allowed to testify at trial unless this order is modified prior to trial to prevent manifest injustice.

c. As part of the Legal Contentions' portion, plaintiff shall set forth all theories of recovery, including specifications of negligence, if applicable, which will be urged at trial and a statement of the elements of damages sought against each defendant. Defendant shall likewise set out all defenses which will be relied upon at trial including any specifications of plaintiff's negligence, if applicable.

Unless requested within one week from the date of this order, no continuances will be granted except upon written motion and good cause shown.

Appropriate sanctions under <u>Fed. R. Civ. P.</u> 16(f) will be imposed for violations of this order of <u>Local</u> <u>Rule</u> 16(b) and (c).

IT IS FURTHER ORDERED

2. Settlement negotiations shall continue to and including November 18, 2005. Counsel for plaintiff shall advise the court in writing, postmarked by not later than said date as to the status of settlement negotiations.

3. If not settled by the above date provided in paragraph 2, this case is set for trial to a jury at 9:00 a.m. on November 28, 2005, in the second floor courtroom, United States District Courthouse, Cedar Rapids, Iowa (8 days).

4. Counsel for all parties shall file with the court, by not later than November 21, 2005, trial briefs and written requests for jury instructions.

5. All exhibits shall be marked by the parties prior to trial. Prior to opening statements, each party shall supply the court with a marked copy of all exhibits to be used at trial. The parties must also provide the Clerk of Court with a second set of exhibits to be used as the original trial exhibits in the official records of the court.

6. Motions in limine shall be filed not later than two weeks before trial.

7. With respect to any witness who will appear by deposition, at least **14 days** before trial, the party intending to offer the witness must serve on the opposing parties a written designation, by page and line number, of those portions of the deposition the offering party intends to have read into evidence. At least **one week** before trial, an opposing party must serve on the offering party any objections to the designated testimony and a counter-designation, by page and line number, of any additional portions of the deposition which the opposing party intends to have read into evidence. At least **four days** before trial, the party offering the witness must serve upon the opposing parties any objections to the designated testimony and a written designation, by page and line number, of any additional portions of the deposition the offering party intends to have read into evidence.

At least **48 hours** before the deposition is to be read to the jury, the party intending to offer the deposition testimony must provide the undersigned with a copy of the deposition, with the parts of the deposition to be read to the jury clearly indicated on the deposition, together with a statement listing all objections. The undersigned will review any objections, listen to any arguments, and make any necessary rulings outside the presence of the jury so that there can be a "clean read" of the deposition to the jury. The court also will expect the parties to edit any video deposition accordingly.

All references in depositions to exhibit numbers or letters must be changed to correspond to the exhibit designation for trial.

April 27, 2005.

_____
JOHN A. JARVEY
Magistrate Judge
UNITED STATES DISTRICT COURT