IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| JAMES CUMMINS,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>THE ARCHDIOCESE OF DUBUQUE,<br><br>　　　　Defendant. | No. C04-1028 |
| JAMES PADDOCK,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>THE ARCHDIOCESE OF DUBUQUE,<br><br>　　　　Defendant. | No. C04-1033<br><br>**ORDER** |

_____

This matter comes before the court pursuant to the defendant's July 7, 2005 motion to consolidate the above-captioned cases (docket numbers 14). The defendant argues that consolidation is warranted under Fed. R. Civ. P. 42 as the above-captioned lawsuits both contain allegations of sexual abuse against The Archdiocese of Dubuque and involve numerous common questions of law and fact. According to the defendant, both lawsuits arise out of an overnight visit the plaintiffs made to a parish in McGregor in the summer of 1962 with Father William Roach and a previously identified priest, now believed to be Father John Peters. Both lawsuits involve the same theories of recovery, the same attorneys, and will involve many of the same witnesses.

Plaintiffs resist defendant's motion, arguing that while factually similar, the two cases diverge in several significant respects. The individual plaintiffs have never spoken

1

about the events of the night at issue and neither was an eyewitness to the other's abuse. Additionally, plaintiff James Cummins alleges a second episode of sexual abuse which plaintiff James Paddock does not. The plaintiff also notes that the damage evidence relating to these lawsuits shares nothing in common except that both have been evaluated by forensic psychologist Gary Schoener.

Fed. R. Civ. P. 42(a) provides:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary cost or delay.

Defendant's motion to consolidate is granted. Aside from asserting that each plaintiff's right to their own trial should not be denied, the plaintiffs have identified no prejudice they would suffer from consolidation. Legally, these lawsuits are identical. Factually, they are very similar.

Upon the foregoing,

IT IS ORDERED that the defendant's motions to consolidate (docket numbers 14) are granted. Henceforth, all filings should be made in case number C04-1028. See Local Rule 10.1. The deadlines contained in the trial management order entered on April 27, 2005 in the Paddock case (C04-1033, docket number 11) shall govern the procedural disposition of the consolidated lawsuit.

July 26, 2005.

JOHN A. JARVEY
Magistrate Judge
UNITED STATES DISTRICT COURT