IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | | |
|---|---|---|
| JAMES CUMMINS, | ) | |
| | ) | |
| Plaintiff, | ) | No. CV04-1028 EJM |
| | ) | |
| vs. | ) | |
| | ) | **DEFENDANT'S RESISTANCE TO** |
| THE ARCHDIOCESE OF DUBUQUE, | ) | **MOTION TO AMEND COMPLAINT** |
| | ) | **AND JURY DEMAND** |
| Defendant. | ) | |
| | ) | |

COMES NOW Defendant, The Archdiocese of Dubuque (hereafter "Archdiocese"), and for its Resistance to Plaintiff's Motion to Amend Complaint and Jury Demand states:

1. According to the Scheduling Order and Discovery Plan, motions to amend were due to be filed no later than December 20, 2004. Plaintiff's motion is filed more than seven (7) months past this deadline.

2. Approximately twenty (20) days before the deadline for amending pleadings expired, Defendant had responded to all of Plaintiff's pending discovery requests in this case, which at that time included Interrogatories and Request for Production. The claims in this case are filed over forty (40) years after the dates of the alleged assault. It can scarcely be said that Plaintiff has lacked adequate time to investigate his claims.

3. Plaintiff's reliance on discovery issues to extend the amendment deadline is misplaced. Plaintiff did not serve his first supplemental discovery request in this case until March 30, 2005 (over three months after the amendment deadline) which discovery was answered by Defendant on May 6, 2005. Plaintiff's second supplemental discovery requests were served on June

29, 2005 (over six months after the amendment deadline). The discovery which was applicable to Msgr. William T. Roach was answered by Defendant on July 19, 2005.

4. The nature of the amendment is substantial and severely prejudices Defendant's ability to prepare for and defend the claims in this lawsuit. Plaintiff's motion seeks to add a claim of civil conspiracy, a claim which is both factually and legally unique from Plaintiff's original five (5) counts.

5. There is no absolute right to amend a pleading. <u>Hammer v. City of Osage Beach, Missouri</u>, 318 F.3d 832, 844 (8th Cir. 2003)(holding district court did not abuse its discretion in denying leave to amend petition). Amendments to pleadings should be allowed pursuant to F.R.C.P. 15 to bring about the furtherance of justice where the adverse party will not be prejudiced. <u>Wheeler v. Missouri Highway and Transportation Commission</u>, 348 F.3d 744, 753 (8th Cir. 2003)(upholding district court's denial of leave for motion to amend). Leave to amend should be denied where there are compelling reasons such as undue delay, bad faith, or . . . undue prejudice to the non-moving party. <u>Hammer</u>, 318 F.3d at 844. An amendment which is untimely filed and will unduly prejudice the adverse party should not be allowed. <u>Id</u>. at 754.

6. When amendments are filed late, involve new theories of recovery, and impose additional discovery requirements, reviewing courts are "less likely to find an abuse of discretion due to the prejudice involved." <u>Bell v. Allstate Life Insurance Company</u>, 160 F.3d 452, 454 (8th Cir. 1998) (affirming denial of plaintiff's motion to amend because of undue delay (filed four days after the motion cutoff date), prejudice to the defendants in having to reopen discovery on new substantive claims (the amendment raised different factual and legal issues than the original complaint), and lack of due diligence on plaintiff's part).

7. Plaintiff's amendment is seven (7) months late, injects new legal and factual issues into the case, introduces a new theory of recovery against Defendant, and will require additional investigation and discovery by Defendant under circumstances where the discovery completion deadline expires on September 3, 2005.

WHEREFORE Defendant Archdiocese of Dubuque respectfully requests this court deny Plaintiff's Motion for Leave to Amend Complaint and Jury Demand and for such other and further relief, legal or equitable, as this court deems just and appropriate under the circumstances.

THE ARCHDIOCESE OF DUBUQUE,
Defendant,

By  */s/ Brendan T. Quann*
    Brendan T. Quann    000004440

By  */s/ Davin C. Curtiss*
    Davin C. Curtiss    000014786

Mailing Address:
O'CONNOR & THOMAS, P.C.
P. O. Box 599
Dubuque, IA 52004-0599

Physical Address:
O'CONNOR & THOMAS, P.C.
Dubuque Building
700 Locust Street, Ste. 200
Dubuque, IA 52001-6874

Telephone: (563) 557-8400
Facsimile: (563) 556-1867
E-mail: bquann@octhomaslaw.com
       dcurtiss@octhomaslaw.com

Attorneys for said Defendant.

Copy via electronic service to:

Attorneys Thomas L. Staack and
      Chad A. Swanson
Dutton, Braun, Staack, & Hellman, P.L.C.
3151 Brockway Road
P.O. Box 810
Waterloo, IA 50704