IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | | |
|---|---|---|
| JAMES CUMMINS, | ) | No. CV04-1028 JAJ |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **MOTION FOR CONTINUANCE** |
| | ) | **OF SUMMARY JUDGMENT** |
| THE ARCHDIOCESE OF DUBUQUE, | ) | **PROCEEDINGS** |
| | ) | |
| Defendant. | ) | |

Pursuant to Federal Rule of Civil Procedure 56(f) and Local Rule 56.1(g), Plaintiff James Cummins moves for an extension of time to file certain resistance papers in resistance to Defendant's Motion for Summary Judgment. In support thereof, Plaintiff states:

1. Defendant, The Archdiocese of Dubuque ("Archdiocese"), filed a Motion for Summary Judgment with supporting documents on July 20, 2005.

2. The deadline for filing resistance documents is presently August 15, 2005.

3. Plaintiff intends to submit a written resistance to this motion, with supporting documents, on or before August 15, 2005.

4. Despite the Plaintiff's intention to submit a timely resistance, Plaintiff will be unable to submit **all** of the evidence he intends to use to resist the motion for summary judgment, because Plaintiff is in the process of completing additional work and conducting additional discovery, as described in the declaration of Chad A. Swanson attached as

1

Exhibit A and by this reference incorporated as part of this motion.

5. In addition, contemporaneously with the filing of this Motion, Plaintiff is filing a Motion to Amend Complaint and Jury Demand, seeking in part to amend his Complaint and Jury Demand to add civil conspiracy as a theory of recovery. The Court's ruling on this Motion may have an effect on summary judgment proceedings.

6. Trial is presently scheduled for November 28, 2005.

7. Plaintiff requests an extension of time until October 15, 2005 to complete additional work and finalize discovery for purposes of the Archdiocese's pending Motion for Summary Judgment, and to otherwise supplement the resistance that he will file on or before August 15, 2005.

8. This motion is timely filed within 10 court days of the filing of the Archdiocese's motion. See Local Rule 56.1(g).

9. The undersigned has consulted with counsel for the Archdiocese, who has indicated that the Archdiocese would consent to this extension of time.

10. This case was recently consolidated with a companion case entitled Paddock v. The Archdiocese of Dubuque, Case No. CV04-1033 JAJ. This case was originally set for trial on November 28, 2005, but due to the consolidation, the Court has moved all deadlines in this case to the deadlines set in Paddock. The consolidated case is now set for trial on February 13, 2006. As a result, providing the parties with additional time to complete additional work and finalize discovery for purposes of the Archdiocese's pending Motion for Summary Judgment will not affect the scheduled trial date. Under the

2

circumstances now, there will be ample time to hear this motion and have a decision rendered well prior to trial.

11. In order to effectuate substantial justice between the parties and have the Archdiocese's Motion for Summary Judgment heard on its merits with the best available evidence in front of the Court, justice requires that Plaintiff's motion be granted and that the Plaintiff be allowed this additional time to complete additional work and conduct additional discovery and submit any additional evidence he intends to use to resist the Archdiocese's Motion for Summary Judgment. The Archdiocese will not be prejudiced by this requested extension.

WHEREFORE, Plaintiff James Cummins requests that the Court extend the time for Plaintiff to complete additional work and complete additional discovery and submit any additional evidence he intends to use to resist the Archdiocese's Motion for Summary Judgment, to and including October 15, 2005.



**ORDER**
This motion is granted as requested.

JOHN A. JARVEY
MAGISTRATE JUDGE
U.S. DISTRICT COURT

3

Respectfully Submitted,

DUTTON, BRAUN, STAACK & HELLMAN, P.L.C
Attorneys for the Plaintiff


BY: /s/ Thomas L. Staack
    Thomas L. Staack  Iowa Bar #000005220
    LEAD COUNSEL

BY: /s/ Chad A. Swanson
    Chad A. Swanson  Iowa Bar #000014657

    3151 Brockway Road
    P.O. Box 810
    Waterloo, Iowa 50704
    (319) 234-4471
    (319) 234-8029 FAX
    staackt@wloolaw.com
    swansonc@wloolaw.com

Copy sent electronically to:

Brendan T. Quann
Davin C. Curtiss
O'Connor & Thomas, P.C.
700 Locust Street, Suite 200
P. O. Box 599
Dubuque, IA 52004-0599

I:\Lit\TLS\ABUSE-PRIEST\Cummins\Pleadings\Motion for Extension of Time to Resist Defendant's Motion for Summary Judgment.wpd

4

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | | |
|---|---|---|
| JAMES CUMMINS, | ) | No. CV04-1028 JAJ |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **DECLARATION OF** |
| | ) | **CHAD A. SWANSON** |
| THE ARCHDIOCESE OF DUBUQUE, | ) | |
| | ) | |
| Defendant. | ) | |

I, Chad A. Swanson, do hereby declare:

1. I am counsel of record for Plaintiff James Cummins in the above-captioned action.

2. I have reviewed Defendant's Motion for Summary Judgment, filed July 20, 2005.

3. On behalf of Plaintiff James Cummins, I intend to submit written resistance documents to motion on or before August 15, 2005, the presently scheduled deadline.

4. However, I am working on conducting additional discovery and performing additional work which will be used in resisting Defendant's Motion for Summary Judgment, as follows:

5. On June 29, 2005, I submitted a 2nd Supplemental Request for Production of Documents to the Archdiocese, with requests numbered 54 through 72.

6. At the present time, the Archdiocese has submitted only a partial response

Exhibit A  5

to this request; the remainder of these requests are still pending.

7. In addition, I have scheduled the depositions of three priests assigned within the Archdiocese, including John O'Connor, Richard Kuhn, and Paul McManus. These depositions are not scheduled to occur until the week of August 29th. One of these priests, John O'Connor, was assigned with Father William Roach at Immaculate Conception in Cedar Rapids, and to some degree, each of these three priests may have discoverable information relevant to Plaintiff's resistance.

8. One of the issues raised by the Archdiocese in its Motion for Summary Judgment is proof of notice on the part of the Archdiocese prior to July 1962 that it knew or should have known of that Father William Roach and/or Father John Peters constituted a risk of harm to the Plaintiff with respect to sexual abuse.

9. In order to submit evidence necessary to create an issue of material disputed fact on this issue, it is necessary for the Plaintiff to submit evidence of what the Archdiocese knew or should have know regarding William Roach and/or John Peters prior to July 1962, as well as what the Archdiocese knew or should have known regarding acts of sexual abuse perpetrated by its priests generally before July 1962, and what policy the Archdiocese had before July 1962 when confronted with allegations or evidence of sexual abuse perpetrated by its priests. Obtaining this evidence is a cumbersome and time-consuming process, requiring numerous interviews with fact witnesses, and it will require Plaintiff to obtain affidavits from witnesses to these facts. Plaintiff is not certain at this time whether all such affidavits will be obtainable by August 15, 2005 due to the nature of the

Exhibit A                    6

work involved and the location of the witnesses, who live in various parts of the country now.

10. Because the question of what the Archdiocese knew or should have known regarding acts of sexual abuse perpetrated by its priests generally before July 1962 is a question of material fact in this case, discovery requests that are pending in other lawsuits involving the Archdiocese may also be relevant here and may lead to the discovery of evidence that can be used to resist the Archdiocese's motion.

11. On June 7, 2005, I sent a letter to counsel for the Archdiocese discussing the issue of discovery on all pending sexual abuse cases. In that letter, I noted that the Archdiocese was overdue in providing certain discovery responses in 8 of the then-pending 14 lawsuits that I have filed against the Archdiocese. Anticipating that the Archdiocese would decide to file a Motion for Summary Judgment on July 20th (its deadline to file such a motion), I asked that any discovery that was due or overdue be provided to me by the middle of July.

12. While a few responses in those 8 cases have been received, the majority of these pending discovery requests have not been answered to this date and still remains due to the Plaintiff. The option now remaining to the Plaintiff in each of those cases, through the undersigned counsel, is to file various motions to compel, which may indeed be necessary at this time.

13. Despite these issues, I believe that much of the work in resisting the Archdiocese's Motion for Summary Judgment in this case can be completed by August 15,

Exhibit A                                              7

2005, and I intend to submit all of the evidence that Plaintiff I am able to gather by that time.

14. However, it is likely that I will uncover additional evidence that will be used to resist the Archdiocese's Motion for Summary Judgment **after** August 15, 2005, and therefore, I request two additional months up through and including October 15, 2005 to complete this additional work and file any supplemental resistance papers at that time.

I certify under penalty of perjury and pursuant to 28 U.S.C. § 1746 that the preceding is true and correct.

Dated: July 28, 2005 /s/ <u>Chad A. Swanson</u>