IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

JAMES CUMMINS,　　　　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　Plaintiff,　　　　　　　　)
　　　　　　　　　　　　　　　　　)　　**ANSWER TO FIRST**
　　vs.　　　　　　　　　　　　　 )　　**AMENDED COMPLAINT**
　　　　　　　　　　　　　　　　　)
THE ARCHDIOCESE OF DUBUQUE,　　　 )　　No. CV04-1028 JAJ
　　　　　　　　　　　　　　　　　)
　　　　Defendant.　　　　　　　　)

COMES NOW Defendant The Archdiocese of Dubuque and in Answer to Plaintiff's First Amended Complaint states as follows:

### PARTIES, JURISDICTION AND VENUE

1. That it admits the allegations of paragraph 1 thereof.

2. That it admits the allegations of paragraph 2 thereof.

3. That it denies the allegations of paragraph 3 thereof.

4. That it denies the allegations of paragraph 4 thereof.

5. That it admits the allegations of paragraph 5 thereof.

### GENERAL ALLEGATIONS

6. That it hereby incorporates by reference its answers to Paragraphs 1 through 5 as though fully set forth herein.

7. That it denies the allegations of paragraph 7 thereof for lack of information.

8. That it admits the allegations of paragraph 8 thereof.

9. That it admits the allegations of paragraph 9 thereof.

10. That it admits the allegations of paragraph 10 thereof.

11. That it admits the allegations of paragraph 11 thereof.

12. That it admits the allegations of paragraph 12 thereof.

13. That it admits the allegations of paragraph 13 thereof.

14. That it admits the allegations of paragraph 14 thereof.

15. That it admits the allegations of paragraph 15 thereof.

16. That it denies the allegations of paragraph 16 thereof.

17. That it admits the allegations of paragraph 17 thereof.

18. That it denies the allegations of paragraph 18 thereof.

19. That it denies the allegations of paragraph 19 thereof for lack of information.

20. That it denies the allegations of paragraph 20 thereof for lack of information.

21. That it denies the allegations of paragraph 21 thereof for lack of information.

22. That it denies the allegations of paragraph 22 thereof for lack of information.

23. That it denies the allegations of paragraph 23 thereof .

24. That it denies the allegations of paragraph 24 thereof.

25. That it denies the allegations of paragraph 25 thereof for lack of information.

26. That it denies the allegations of paragraph 26 thereof for lack of information.

27. That it denies the allegations of paragraph 27 thereof for lack of information.

28. That it denies the allegations of paragraph 28 thereof for lack of information.

29. That it denies the allegations of paragraph 29 thereof.

30. That it denies the allegations of paragraph 30 thereof.

31. That it denies the allegations of paragraph 31 thereof.

32. That it denies the allegations of paragraph 32 thereof for lack of information.

33. That it denies the allegations of paragraph 33 thereof for lack of information.

34. That it denies the allegations of paragraph 34 thereof for lack of information.

35. That it denies the allegations of paragraph 35 thereof for lack of information.

36. That it denies the allegations of paragraph 36 thereof for lack of information.

37. That it denies the allegations of paragraph 37 thereof for lack of information.

38. That it denies the allegations of paragraph 38 thereof.

39. That it denies the allegations of paragraph 39 thereof.

40. That it denies the allegations of paragraph 40 thereof.

41. That it denies the allegations of paragraph 41 thereof.

42. That it denies the allegations of paragraph 42 thereof.

## COUNT I - ASSAULT AND BATTERY

43. That it hereby incorporates by reference its answers to Paragraphs 1 through 42 as though fully set forth herein.

44. That it denies the allegations of paragraph 44 thereof for lack of information.

45. That it denies the allegations of paragraph 45 thereof for lack of information.

46. That it denies the allegations of paragraph 46 thereof for lack of information.

47. That it denies the allegations of paragraph 47 thereof.

48. That it denies the allegations of paragraph 48 thereof.

WHEREFORE, Defendant The Archdiocese of Dubuque prays that Count I of Plaintiff's Complaint be dismissed at Plaintiff's cost.

## COUNT II - CHILDHOOD SEXUAL ABUSE

49 - 53.   In Plaintiff's Resistance to Motion for Summary Judgment, Plaintiff states that Count II of his Complaint has been dismissed; therefore no answer is required by this Defendant to Count II, paragraphs 49 through 53, inclusive.

## COUNT III - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

54.    That it hereby incorporates by reference its answers to Paragraphs 1 through 53 as though fully set forth herein.

55.    That it denies the allegations of paragraph 55 thereof for lack of information.

56.    That it denies the allegations of paragraph 56 thereof for lack of information.

57.    That it denies the allegations of paragraph 57 thereof.

58.    That it denies the allegations of paragraph 58 thereof.

59.    That it denies the allegations of paragraph 59 thereof.

60.    That it denies the allegations of paragraph 60 thereof.

61.    That it denies the allegations of paragraph 61 thereof.

62.    That it denies the allegations of paragraph 62 thereof.

WHEREFORE, Defendant The Archdiocese of Dubuque prays that Count III of Plaintiff's Complaint be dismissed at Plaintiff's cost.

## COUNT IV - BREACH OF FIDUCIARY DUTY

63.    That it hereby incorporates by reference its answers to Paragraphs 1 through 62 as though fully set forth herein.

64. That it denies the allegations of paragraph 64 thereof.

65. That it denies the allegations of paragraph 65 thereof.

66. That it denies the allegations of paragraph 66 thereof.

67. That it denies the allegations of paragraph 67 thereof.

WHEREFORE, Defendant The Archdiocese of Dubuque prays that Count IV of Plaintiff's Complaint be dismissed at Plaintiff's cost.

### COUNT V - NEGLIGENT HIRING, SUPERVISING, WARNING, DOCUMENTING, AND/OR RETAINING BY DEFENDANT DIOCESE

68. That it hereby incorporates by reference its answers to Paragraphs 1 through 67 as though fully set forth herein.

69. That it denies the allegations of paragraph 69 thereof for lack of information.

70. That it denies the allegations of paragraph 70 thereof.

71. That it denies the allegations of paragraph 71 thereof.

72. That it denies the allegations of paragraph 72 thereof.

73. That it denies the allegations of paragraph 73 thereof.

74. That it denies the allegations of paragraph 74 thereof.

WHEREFORE, Defendant The Archdiocese of Dubuque prays that Count V of Plaintiff's Complaint be dismissed at Plaintiff's cost.

### COUNT VI - CIVIL CONSPIRACY

75. That it hereby incorporates by reference its answers to Paragraphs 1 through 74 as though fully set forth herein.

76. That it denies the allegations of paragraph 76 thereof for lack of information.

77. That it denies the allegations of paragraph 77 thereof.

78. That it denies the allegations of paragraph 78 thereof.

79. That it denies the allegations of paragraph 79 thereof.

80. That it denies the allegations of paragraph 80 thereof.

WHEREFORE, Defendant The Archdiocese of Dubuque prays that Count VI of Plaintiff's Complaint be dismissed at Plaintiff's cost.

## **AFFIRMATIVE DEFENSES**

COMES NOW Defendant The Archdiocese of Dubuque and in further Answer to Plaintiff's Complaint affirmatively states as follows:

1. Plaintiff's claims are barred by the statute of limitations.

2. Plaintiff's claims are barred by the statute of limitations existing at the time of the alleged acts and those that applied since the alleged acts.

3. At no time during the period in question were Father William Roach, Father John Peters, and/or other unidentified priests employees of The Archdiocese of Dubuque.

4. If Plaintiff's allegations against Father William Roach, Father John Peters and/or other unidentified priests are true, Father William Roach, Father John Peters and/or other unidentified priests were acting outside the scope of their priestly duties and those actions were neither condoned nor tolerated by this Defendant.

5. If Plaintiff's allegations against Father William Roach, Father John Peters and/or other unidentified priests are true, Father William Roach, Father John Peters and/or other unidentified priests were not acting as agents of The Archdiocese of Dubuque, and at no time did

The Archdiocese of Dubuque intend or authorize the alleged acts which form the basis of this lawsuit.

6. If Plaintiff's allegations against Father William Roach, Father John Peters and/or other unidentified priests are true, Father William Roach, Father John Peters and/or other unidentified priests were not acting as agents of The Archdiocese of Dubuque, and whatever defenses Plaintiff has against the statute of limitations apply only to the alleged perpetrators and do not apply against The Archdiocese of Dubuque.

7. Matters relating to the hiring, supervising, warning, documenting and/or retaining of priests by The Archdiocese are a matter of Canon Law and are protected by the First Amendment to the Constitution of the United States of America.

8. The relationship between The Archdiocese and its priests is governed by Canon Law, and examination of this relationship is prohibited by the provisions of the First Amendment to the Constitution of the United States of America.

WHEREFORE, Defendant prays that Plaintiff's Complaint be dismissed at Plaintiff's cost.

THE ARCHDIOCESE OF DUBUQUE,
Defendant

By /s/ Brendan T. Quann
    Brendan T. Quann    000004440

By /s/ Davin C. Curtiss
    Davin C. Curtiss    000014786

Mailing Address:
O'CONNOR & THOMAS, P.C.
P. O. Box 599
Dubuque, IA 52004-0599

Physical Address:
O'CONNOR & THOMAS, P.C.
Dubuque Building
700 Locust Street, Ste. 200
Dubuque, IA 52001-6874

Telephone: (563) 557-8400
Facsimile: (563) 556-1867
E-mail: bquann@octhomaslaw.com
dcurtiss@octhomaslaw.com

Attorneys for said Defendant.

Original filed.

Copy to:

Attorneys Thomas L. Staack and
Chad A. Swanson
Dutton, Braun, Staack & Hellman, P.L.C.
3151 Brockway Road
P.O. Box 810
Waterloo, IA 50704