IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| JAMES CUMMINS, ) | No. CV04-1028 JAJ |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **MOTION TO COMPEL DISCOVERY** |
| ) | **(Oral Argument Requested)** |
| THE ARCHDIOCESE OF DUBUQUE, ) | |
| ) | |
| Defendant. ) | |

Plaintiffs states as follows in support of his Motion to Compel Discovery:

1. Plaintiff James Cummins ("Cummins") served certain discovery requests on Defendant, The Archdiocese of Dubuque ("Archdiocese") on or about June 29, 2005.

2. The Archdiocese served responses to these requests on August 12, 2005, and again on August 31, 2005, which included certain discovery objections as noted below. See Exhibits A and B, attached.

### Irwin J. Patnode documents

3. In part, Cummins seeks documents in the possession of the Archdiocese regarding Archdiocesan priest Irwin J. Patnode.

4. On August 31, 2005, the Archdiocese identified the existence of 20 documents regarding Patnode. These appear to relate to five complaints received by the Archdiocese between January 30, 2003 and February 23, 2005. See Exhibit B, attached.

1

5. The Archdiocese has refused to produce these documents based upon certain identified privileges: Article I, Section 3 of the Iowa Constitution; the First Amendment to the U.S. Constitution, the Victim Privacy Privilege and/or the Third Party Privilege.

6. Cummins does not seek these documents to discover the identity of other individuals who have submitted complaints of sexual abuse to the Archdiocese, but rather to obtain evidence for use in his case in chief.

7. The Archdiocese does **not** argue that these documents are irrelevant or outside the scope of the discovery.

8. It is apparent on the face of the response submitted by the Archdiocese that the privileges identified do **not** belong to the Archdiocese. If such privileges exist in the first instance, they would belong to the person who submitted the complaints themselves.

9. As indicated, Cummins does not seek these documents to discovery the identity of the persons making complaints against the Archdiocese, and therefore, it is certainly possible for the documents to be produced in a manner which would conceal the identity of the complainant while still allowing Cummins access to the documents for purposes of pursuing his case in chief. Such a balancing of interests would protect any privacy rights that might exist for the complainant, but also allow Cummins to pursue his quest for evidence with which to prove his claims against the Archdiocese.

10. The freedom of religion articulated in the Iowa Constitution and the U.S. Constitution is not implicated in this situation where no purely ecclesiastical matters are

involve and where Cummins is asserting personal injury claims that can be adjudicated by the Court.

### Request for Production No. 72

11. Cummins also requested that the Archdiocese produce all documents in its possession dated between January 1, 1949 and January 1, 1963 regarding the knowledge of the Archdiocese in general regarding sexual behavior of its priests and other religious, in the form of a Second Supplemental Request for Production of Documents number 72.

12. The Archdiocese objected to this discovery request on August 12, 2005, claiming that this request infringes upon the privacy rights of all victims; that it violates the priest-penitent privilege; that it violates the First Amendment to the United States Constitution, and it violates Article I, Section 3 of the Iowa Constitution; and that it is irrelevant and not designed to lead to the discovery of admissible evidence. See Exhibit A, attached.

13. Cummins noted in his request that he would agree to accept a copy of any document with any personally identifying information redacted, to the extent that any individual's confidentiality rights are implicated by the request.

14. For the reasons stated earlier, Cummins's request does not violate any alleged victim privacy right. In addition, this request does not relate to a purely ecclesiastical matter such that freedom of religion is implicated here.

15. The request itself is highly relevant and designed to the lead directly to the

discovery of admissible evidence. In order to establish the existence of a duty on the part of the Archdiocese to Cummins, Cummins must prove in part the state of knowledge of the Archdiocese on or before July 1962 with respect to William Roach, John Peters, and with respect to its priests and other religious in general. Such documents are also highly relevant to Cummins's claim of civil conspiracy and Cummins's fraudulent concealment exception to the statute of limitations defense.

16. The undersigned counsel, in good faith, have conferred in writing and personally with counsel for the Archdiocese in an attempt to resolve or narrow the issues raised by this motion. However, the attorneys have been unable to reach an agreement.

17. Correspondence between counsel regarding these issues include letters from the undersigned counsel dated June 29, 2005, August 4, 2005 and August 24, 2005. See Exhibits C, D and E, attached.

18. The undersigned's certification of this discovery dispute is attached. See Exhibit F, attached.

19. The attorneys have conferred and agreed that the Irwin J. Patnode documents may be submitted to the Court for an in camera review to determine the validity of each claimed privilege.

20. To date, the Archdiocese has not specifically identified any document responsive to Plaintiffs' Response to Request for Production No. 72. The Court should Order the Archdiocese to submit a substantive response to this request. Cummins would

4

agree that any such documents identified by the Archdiocese in response to this request to which a privilege is claimed should then be identified as such in a privilege log and the documents provided to the Court for an in camera review.

FOR THESE REASONS, Plaintiff James Cummins respectfully requests that the Court enter an Order granting his motion to compel as stated herein, and for such other relief as the Court deems just and equitable under the circumstances. Plaintiff James Cummins requests oral argument.

Respectfully Submitted,

DUTTON, BRAUN, STAACK & HELLMAN, P.L.C
Attorneys for the Plaintiff

BY: *Thomas L. Staack* /s/ CAS
Thomas L. Staack  Iowa Bar #000005220
LEAD COUNSEL

BY: *Chad A. Swanson*
Chad A. Swanson  Iowa Bar #000014657

3151 Brockway Road
P.O. Box 810
Waterloo, Iowa 50704
(319) 234-4471
(319) 234-8029 FAX
staackt@wloolaw.com
swansonc@wloolaw.com

Original to:

Brendan T. Quann
Davin C. Curtiss
O'Connor & Thomas, P.C.
700 Locust Street, 200
P. O. Box 599
Dubuque, IA 52001-0599

I:\Lit\TLS\ABUSE-PRIEST\Cummins\Discovery\Motion to Compel Discovery.wpd

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| JAMES CUMMINS, | ) |
| Plaintiff, | ) ) ) ) |
| vs. | ) ) |
| THE ARCHDIOCESE OF DUBUQUE, | ) No. CV04-1028 EJM ) |
| Defendant. | ) |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S SECOND
SUPPLEMENTAL REQUEST FOR PRODUCTION OF DOCUMENTS**

COMES NOW Defendant The Archdiocese of Dubuque and hereby responds to Plaintiff's Second Supplemental Request for Production of Documents as follows:

**Information regarding Irwin J. Patnode**

54. The complete personnel files of Father Irwin J. Patnode whether maintained by you or any other parish at which Father Irwin J. Patnode served, and such documents that refer, reflect or relate to the same.

**See documents produced herewith and labeled Attachment No. 9.**

55. To the extent not included in Request No. 1, all documents submitted for entry in said personnel file, and such documents that refer, reflect or relate to the same or any document that has ever been removed from such file.

**See documents produced herewith and labeled Attachment No. 9.**

56. To the extent not included in Request No. 1 all correspondence received by the Archdiocese of Dubuque, their predecessors, any other officials of the Archdiocese of Dubuque or any superior of Father Irwin J. Patnode that refers or relates to Father Irwin J. Patnode and such documents that refer or relate to the same.

**See documents produced herewith and labeled Attachment No. 9.**

Page 1 of 5

EXHIBIT
FRIEND'S
A

57. To the extent not included in Request No. 1, all records that refer, reflect or relate to any complaints regarding Father Irwin J. Patnode.

**See documents produced herewith and labeled Attachment No. 9.**

58. To the extent not included in Request No. 1, all other documents that refer, reflect or relate to the records of Father Irwin J. Patnode's education and employment prior to and while serving in any capacity within the Archdiocese of Dubuque.

**See documents produced herewith and labeled Attachment No. 9.**

59. To the extent not included in Request No. 1, all documents that refer, reflect or relate to Father Irwin J. Patnode's abilities to perform his duties including, but not limited to, any evaluations of performances in connection with any job function or service performed by him while an active or retired priest of the Archdiocese of Dubuque.

**See documents produced herewith and labeled Attachment No. 9.**

60. Any and all other documents that refer, reflect or relate to any evaluations regarding Father Irwin J. Patnode's performance of his duties.

**See documents produced herewith and labeled Attachment No. 9.**

61. To the extent not contained in Request No. 1, any and all documents that reflect or evidence or relate to the hiring and supervision of Father Irwin J. Patnode including, but not limited to, documents received from Father Irwin J. Patnode prior to or commensurate with his seeking and/or obtaining a position as a priest and any and all documents received, obtained or generated by you or your agents concerning Father Irwin Patnode's activities prior to his service as a priest including, but not limited to, documents evidencing the transmission or distribution of each such document.

See documents produced herewith and labeled Attachment No. 9.

### Information regarding John Peters

62. The complete personnel files of Father John Peters whether maintained by you or any other parish at which Father John Peters served, and such documents that refer, reflect, or relate to the same.

**See documents produced herewith and labeled Attachment No. 10.**

63. To the extent not included in Request No. 1, all documents submitted for entry in said personnel file, and such documents that refer, reflect or relate to the same or any document that has ever been removed from such file.

**See documents produced herewith and labeled Attachment No. 10.**

64. To the extent not included in Request No. 1, all correspondence received by the Archdiocese of Dubuque, their predecessors, any other officials of the Archdiocese of Dubuque or any superior of Father John Peters that refers or relates to Father John Peters and such documents that refer, or relate to the same.

**See documents produced herewith and labeled Attachment No. 10.**

65. To the extent not included in Request No. 1, all records that refer, reflect or relate to any complaints regarding Father John Peters.

**See documents produced herewith and labeled Attachment No. 10.**

66. To the extent not included in Request No. 1, all other documents that refer, reflect or relate to the records of Father John Peters' education and employment prior to and while serving in any capacity within the Archdiocese of Dubuque.

**See documents produced herewith and labeled Attachment No. 10.**

67. To the extent not included in Request No. 1, all documents that refer, reflect or relate to Father John Peter' abilities to perform his duties, including, but not limited to, any evaluations of performances in connection with any job function or service performed by him while an active or retired priest of the Archdiocese of Dubuque.

**See documents produced herewith and labeled Attachment No. 10.**

68. Any and all other documents that refer, reflect or relate to any evaluations regarding Father John Peters' performance of his duties.

**See documents produced herewith and labeled Attachment No. 10.**

69. To the extent not contained in Request No. 1, any and all documents that reflect or evidence or relate to the hiring and supervision of Father John Peters, including, but not limited to, documents received from Father John Peters prior to or commensurate with his seeking and/or obtaining a position as a priest and any and all documents received, obtained or generated by you or your agents concerning Father John Peters' activities prior to his service as a priest including, but not limited to, documents evidencing the transmission or distribution of each such document.

See documents produced herewith and labeled Attachment No. 10.

### Information regarding knowledge of the Dubuque Archdiocese regarding sexual behavior of its priest and other religious, in general

72. A copy of all documents dated between January 1, 1949 and January 1, 1963 that relate in any way to sexual behavior of any priests or other religious assigned within the Dubuque Archdiocese or sexual abuse committed by any priests or other religious assigned within the Dubuque Archdiocese including, but not limited to, all documents relating to any complaints made to the Dubuque Archdiocese or any complaints made against the Dubuque Archdiocese or any priests or other religious assigned within the Dubuque Archdiocese, or any documents that discuss such matters. (To the extent that any individual's confidentiality rights are implicated by this request, Plaintiff will agree to accept a copy with any personally identifying information redacted from such documents).

**This Request is objected to as it requests documents that infringe upon the privacy rights of any and all victims; violates priest-penitent privilege; violates the First Amendment to the United States Constitution; and violates Article 1, Section 3 of the Constitution of the State of Iowa. It is also irrelevant and not designed to lead to the discovery of relevant evidence.**

THE ARCHDIOCESE OF DUBUQUE,
Defendant

By _____
Brendan T. Quann          000004440

By _____
Davin C. Curtiss          000014786

Mailing Address:
O'CONNOR & THOMAS, P.C.
P. O. Box 599
Dubuque, IA 52004-0599

Physical Address:
O'CONNOR & THOMAS, P.C.
Dubuque Building
700 Locust Street, Ste. 200
Dubuque, IA 52001-6874

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing instrument was served upon all parties to the above cause or to their attorneys of record by enclosing the same in an envelope addressed to said parties or their attorneys whose names and addresses appear below this Certificate and delivering a copy to said parties or their attorneys or by mailing the same with postage prepaid, and by depositing said envelope in a United States Post Office Mailbox in Dubuque, Iowa, on the 12 day of August, 2005.

Signature _____

Telephone: (563) 557-8400
Facsimile: (563) 556-1867
E-mail: bquann@octhomaslaw.com
dcurtiss@octhomaslaw.com

Attorneys for said Defendant.

Original to:

Attorneys Thomas L. Staack and
Chad A. Swanson
Dutton, Braun, Staack & Hellman, P.L.C.
3151 Brockway Road
P.O. Box 810
Waterloo, IA 50704

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| JAMES CUMMINS, | ) |
| Plaintiff, | ) |
| vs. | ) |
| THE ARCHDIOCESE OF DUBUQUE, | ) No. CV04-1028 JAJ |
| Defendant. | ) |

## DEFENDANT'S SUPPLEMENTAL RESPONSE TO PLAINTIFF'S SECOND SUPPLEMENTAL REQUEST FOR PRODUCTION OF DOCUMENTS NO. 57

COMES NOW Defendant The Archdiocese of Dubuque and hereby supplements its response to Plaintiff's Second Supplemental Request for Production of Documents No. 57 as follows:

57. To the extent not included in Request No. 1, all records that refer, reflect or relate to any complaints regarding Father Irwin J. Patnode.

**Since responding to Request No. 57, we have been furnished copies of five complaints filed with the Office for Protection of Children on January 30, 2003; June 19, 2003; July 2, 2003; March 16, 2004; and February 23, 2005. These reports are privileged pursuant to Article I, Section 3 of the Iowa Constitution; the First Amendment to the U.S. Constitution; the Victim Privacy Privilege and/or the Third Party Privilege. These documents carry the bates stamp numbers 001000 PRVL through 001020 PRVL.**

THE ARCHDIOCESE OF DUBUQUE,
Defendant

By /s/ Brendan T. Quann
Brendan T. Quann   000004440

Page 1 of 2

EXHIBIT
B

By _D̲a̲v̲i̲n̲ ̲C̲.̲ ̲C̲u̲r̲t̲i̲s̲s̲_
Davin C. Curtiss                    000014786

Mailing Address:
O'CONNOR & THOMAS, P.C.
P. O. Box 599
Dubuque, IA 52004-0599

Physical Address:
O'CONNOR & THOMAS, P.C.
Dubuque Building
700 Locust Street, Ste. 200
Dubuque, IA 52001-6874

Telephone: (563) 557-8400
Facsimile: (563) 556-1867
E-mail: bquann@octhomaslaw.com
        dcurtiss@octhomaslaw.com

Attorneys for said Defendant.

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing instrument was served upon all parties to the above cause or to their attorneys of record by enclosing the same in an envelope addressed to said parties or their attorneys whose names and addresses appear below this Certificate and delivering a copy to said parties or their attorneys or by mailing the same with postage prepaid, and by depositing said envelope in a United States Post Office Mailbox in Dubuque, Iowa, on the 31st day of August, 2005.

Signature _____

Original to:

Attorneys Thomas L. Staack and
    Chad A. Swanson
Dutton, Braun, Staack & Hellman, P.L.C.
3151 Brockway Road
P.O. Box 810
Waterloo, IA 50704

E-MAIL: swansonc@wloolaw.com

June 29, 2005

**VIA FACSIMILE AND REGULAR MAIL**

Brendan T. Quann
O'Connor & Thomas, P.C.
P. O. Box 599
Dubuque, IA 52004-0599

      RE:    James Cummins vs. The Archdiocese of Dubuque

Dear Brendan:

With the Jim Cummins case being the first scheduled for trial, I have spent some time reviewing our pleadings and discovery to see what additional work needs to be done. In looking over our original Complaint and Jury Demand, I noticed that the allegations of fact contained in there were out of date. In other words, we know and can allege certain facts with much more particularity than we could last year.

I have drafted a proposed First Amended Complaint and Jury Demand, and I am attaching an unsigned copy of that for your review. In addition to the fact update, I have included in the pleadings a prayer for lost wages and loss of earning capacity, which previously had not been included. Also, I intend to add a new theory of recovery for civil conspiracy, identified as Count VI. I believe based upon information that has been provided and that we have received, that we can prove the existence of a conspiracy before the summer of 1962 to keep John Peters and William Roach in a position where they had access to both alcohol and unsuspecting male abuse victims, and that church officials had knowledge of this and agreed in advance to assist in keeping this knowledge hidden from parishioners.

I note that the deadline for amending the pleadings has passed. However, I must note that it passed even before we had exchanged any discovery. Rule 15 allows a party to amend with written consent of the adverse party, and it also notes that leave to amend shall be freely given when justice so requires. I'm writing now to determine whether your client would be willing to give written consent to this amendment. Please let me know at your earliest convenience.

FRIEND'S EXHIBIT C

Brendan T. Quann
Page 2
June 29, 2005

Regarding discovery, I am sending a second supplemental request for production of documents. In general, these requests seek the Archdiocese files on John Peters and Irwin J. Patnode. However, because our case requires us in part to establish the knowledge of Leo Binz and James Byrne and the corporate hierarchy then in place regarding the sexual behavior of the Archdiocesan priests, I am also submitting a broad request for all documents from 1949 through 1962 that would establish the extent of their knowledge. This would include all documents relating to any complaints made to the church or any complaints made against the church, or any documents that discuss such matters. To the extent that no such prior request has been made, we are making it now. To the extent that any individual's confidentiality rights are implicated, we fully consent to having any personally identifying information redacted from such documents.

Finally, we ask you to produce the June 16, 1992 memorandum, and all documents related to the recent Roach complaint that the church settled, which you mentioned in your April 1, 2005 letter to me. You referred in that letter to a 23-year old victim being groped, but gave no other information. You noted that the victim wished to remain confidential. We respect that right, and ask that you provide all documents relating to that claim with any personally identifying information redacted.

I'd like to know promptly what the church's position is on these matters so that a motion to compel can be filed soon on any matters we cannot resolve without court intervention.

As always, thank you for your attention to these matters, and feel free to call if you'd like to discuss any of this.

Very truly yours,

DUTTON, BRAUN, STAACK & HELLMAN, P.L.C.


Chad A. Swanson

CAS:slf
Enclosures

E-MAIL: swansonc@wloolaw.com

August 4, 2005

Brendan T. Quann
O'Connor & Thomas, P.C.
P. O. Box 599
Dubuque, IA 52004-0599

RE: The Archdiocese of Dubuque

Dear Brendan:

I'd like all outstanding discovery to be submitted to me no later than August 22nd, 2005. I need that information in some instances to assist in preparation of our clients for deposition, and also to prepare for the depositions of the priests scheduled for September 2nd, 2005. We are entering a critical phase, as you know, with a pending motion for summary judgment, and our willingness to forego motions to compel and await the receipt of this information without Court action is diminishing. I simply have to, at some point, set a deadline and indicate to you that we need the documents by that time or else we will proceed with motions to compel. I'd rather not spend my time, nor yours, arguing discovery motions, but if need be, we will go that route. I hope that clarifies the matter and does constitute our good faith attempt to resolve the outstanding discovery disputes that we have as I understand it. Best regards.

Very truly yours,

DUTTON, BRAUN, STAACK & HELLMAN, P.L.C.


Chad A. Swanson

CAS:slf


FRIEND'S EXHIBIT D

E-MAIL: swansonc@wloolaw.com

August 24, 2005

Via Facsimile and U.S. Mail

Brendan T. Quann
O'Connor & Thomas, P.C.
P. O. Box 599
Dubuque, IA 52004-0599

    RE:    Cummins vs. The Archdiocese of Dubuque, et. al.

Dear Brendan:

I can certainly understand that it is difficult in light of 16 pending lawsuits and 4 other claims that are either tolled or will be tolled shortly to keep track of all outstanding discovery responses and requests. I did ask that you provide me with answers to all outstanding discovery no later than August 22nd. At this point, this is what my records show to be still due:

| | |
|---|---|
| Jane Doe (Schmitz): | all discovery responses (due 4/21/05) |
| John Doe (Goltz): | all discovery responses (due 4/21/05) |
| John Doe II (Carman): | all discovery responses (due 4/29/05) |
| John Doe III (Goltz): | all discovery responses (due 5/28/05) |
| John Doe IV (Goltz): | all discovery responses (due 7/21/05). |

I would rather not file motions to compel on these cases. However, I'd like to know when I can expect to receive these answers.

I owe discovery to you at the present time on John Doe IV, Joe Faucher, Debbie Gindhart, and Kathleen Guertin. Also, although we have no record of you making discovery requests, I am working with Steve Lown and Jane Doe III to complete responses to your stock discovery requests. There are supplemental discovery requests from you pending for Kathleen Buck, John Doe III and, most recently, Jim Cummins. My work on answering those requests is continuing. Also, I do intend to supplement discovery in the cases involving William Roach in light of our recent summary judgment resistance.

Our next step is to proceed with motions to compel on the documents you have claimed



FRIEND'S EXHIBIT E

certain privileges on, with respect to William Schwartz and Patrick McElliott. With respect to the Schwartz documents, you have claimed the same privilege now in both federal and state venues (Faucher and Schmit). With respect to McElliott, you have claimed the privilege to date in federal court (Guertin). I imagine you will claim the same privileges in the pending state court actions involving McElliott. I would again ask in good faith that the Archdiocese reconsider its position on these claimed privileges and choose to voluntarily produce these documents. We would accept them with the names of any non-clients redacted.

In lieu of that, would you agree to submit the documents over which you claim privilege to the Court (federal and/or state) for an in camera review? We could each submit a short brief arguing for or against the validity of each claimed privilege. I believe that Judge Jarvey would be receptive to performing such a review for us, as opposed to going through the formality of a motion to compel. I would imagine that an in camera review is inevitable anyway. If you agree, I would be happy to write to him to raise this issue.

I must also ask the Archdiocese to reconsider its position on Request for Production No. 72 made by Jim Cummins that you recently answered. That request was for a copy of all documents dated between January 1, 1949 and January 1, 1963 that relate in any way to sexual behavior of any priests or other religious assigned within the Dubuque Archdiocese or sexual abuse committed by any priests or other religious assigned within the Dubuque Archdiocese, including but not limited to all documents relating to any complaints made to the Dubuque Archdiocese or any complaints made against the Dubuque Archdiocese or any priests or other religious assigned within the Dubuque Archdiocese, or any documents that discuss such matters. As you know, we would agree to accept a copy with any personally identifying information redacted from such documents.

I ask in good faith that the Archdiocese reconsider its position on this request and comply with the request. I believe that a motion to compel will be forthcoming on this request.

I think this generally covers the issue of outstanding discovery issues at this time. Please give me a call or otherwise respond so we can get these matters moving forward. Best regards as always.

Very truly yours,

DUTTON, BRAUN, STAACK & HELLMAN, P.L.C.


Chad A. Swanson


I:\Lit\TLS\ABUSE-PRIEST\Cummins\Letter\Quann.824.wpd

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | | |
|---|---|---|
| JAMES CUMMINS, | ) | No. CV04-1028 JAJ |
| Plaintiff, | ) | |
| vs. | ) | **CHAD A. SWANSON** |
| | ) | **AFFIDAVIT** |
| THE ARCHDIOCESE OF DUBUQUE, | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| State of Iowa | ) | |
| | ) | ss. |
| County of Black Hawk | ) | |

I, Chad A. Swanson, state on oath and affirmation and subscribed under the penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

1. I am counsel for James Cummins in the above entitled matter.

2. In good faith, I have conferred with counsel for the Dubuque Archdiocese, both personally and in writing, in an attempt to resolve or narrow by agreement the issues raised by the Motion to Compel Discovery which is being filed contemporaneously with this affidavit.

3. The attorneys have been unable to reach an agreement.

4. The disagreement in this case at this time relates to the production of 20 documents relating to Archdiocesan priest Joseph I. Patnode. It also relates to the failure of the Archdiocese to identify or produce any documents relating to Plaintiffs' Second

1


EXHIBIT F

Supplemental Request for Production of Documents No. 72.

5. The attorneys have agreed in principle that any documents over which the Archdiocese claims a privilege should be submitted to the Court for an in camera review to determine the validity of such privilege.

All of the foregoing statements are true and correct.

_____
Chad A. Swanson

Subscribed and sworn to before me by Chad A. Swanson this 14th day of September, 2005.

_____
Notary Public

SANDRA J. HYDE
COMMISSION NO. 119266
MY COMMISSION EXPIRES
8-31-07
IOWA

I:\Lit\TLS\ABUSE-PRIEST\Cummins\Discovery\Chad A. Swanson Affidavit.wpd

2