IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| JAMES CUMMINS, | No. CV04-1028 JAJ |
| Plaintiff, | |
| vs. | **PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S SUPPLEMENTAL MOTION FOR SUMMARY JUDGMENT** |
| THE ARCHDIOCESE OF DUBUQUE, | |
| Defendant. | |

COMES NOW the Plaintiff, James Cummins, and states as follows in support of his Motion to Strike Defendant's Supplemental Motion for Summary Judgment:

1. Plaintiff James Cummins ("Plaintiff") filed his Complaint and Jury Demand on June 14, 2005.

2. On October 25, 2004, the Court entered a Scheduling Order and Discovery Plan in this case.

3. According to that plan, the deadline for dispositive motions was July 20, 2005.

4. The Archdiocese of Dubuque ("Archdiocese") did in fact file a Motion for Summary Judgment on July 20, 2005.

5. On October 3, 2005, the Archdiocese filed a Supplemental Motion for Summary Judgment.

1

6. The Court should strike the Archdiocese's Supplemental Motion for Summary Judgment as untimely, as it was filed after July 20, 2005.

7. The Archdiocese may argue that the Court's July 26, 2005 Order consolidating the James Cummins and James Paddock lawsuits had an effect on the dispositive motion deadline for James Cummins.

8. Plaintiff disagrees with any such argument, since the summary judgment deadline for James Cummins had already expired as of July 26, 2005.

9. Even if the Court were to conclude that the Archdiocese's Supplemental Motion for Summary Judgment was filed in a timely fashion, the considerations of fairness, prejudice to the Plaintiff, and the waste of judicial resources should motivate the Court to strike such motion.

10. Between July 20, 2005 and September 6, 2005, the Archdiocese's Motion for Summary Judgment was fully briefed by both parties.

11. On September 19, 2005, the Court entertained two hours of oral argument on that motion, the record was closed, and the matter was deemed submitted at that time.

12. At no time during these any of these proceedings did counsel for the Archdiocese raise the possibility of filing more documents relative to summary judgment.

13. A brief review of the Archdiocese's Supplemental Motion for Summary Judgment plainly reveals that it is simply a continuation of its original motion filed back in July.

14. There are no facts or arguments in the Archdiocese's Supplemental Motion

for Summary Judgment that the Archdiocese was prevented from raising in its original motion, or in the Archdiocese's reply to Plaintiff's resistance.

15. The only additional "facts" raised in the Archdiocese's Supplemental Motion for Summary Judgment come from an affidavit signed by James Barta on October 3, 2005.

16. There is no reason why the assertions from James Barta in this recent affidavit could not have been asserted by the Archdiocese in an earlier filing.

17. Needless to say, the "facts" stated by James Barta would not support a granting of summary judgment in any event, since they simply dispute other facts already in the summary judgment.

18. The Court should conclude that the Archdiocese's Supplemental Motion for Summary Judgment is simply an attempt by the Archdiocese to file a reply to Plaintiff's reply to the original motion for summary judgment. Under Local Rule 56.1, such a filing is not permitted, and therefore should be stricken.

19. Furthermore, the Court may conclude that the Archdiocese's Supplemental Motion for Summary Judgment, including the affidavit of James Barta, was presented to the Court in bad faith or for the purpose of delay. If the Court should so find, then Plaintiff seeks an Order from the Court pursuant to Federal Rule of Civil Procedure 56(g) requiring the Archdiocese to pay Plaintiff the amount of reasonable expenses which this filing caused Plaintiff to incur, including reasonable attorney's fees, and for such other relief as the Court deems just and equitable under the circumstances.

FOR THESE REASONS, Plaintiff James Cummins respectfully requests that the Court enter an Order striking the Supplemental Motion for Summary Judgment filed against him by the Archdiocese of Dubuque on October 3, 2005, and for such other relief as stated herein.

Respectfully Submitted,

DUTTON, BRAUN, STAACK & HELLMAN, P.L.C
Attorneys for the Plaintiff

BY: *Thomas L. Staack /CA*
Thomas L. Staack  Iowa Bar #000005220
LEAD COUNSEL

BY: *Chad A. Swanson*
Chad A. Swanson  Iowa Bar #000014657

3151 Brockway Road
P.O. Box 810
Waterloo, Iowa 50704
(319) 234-4471
(319) 234-8029 FAX
staackt@wloolaw.com
swansonc@wloolaw.com

Copy via electronic service to:

Brendan T. Quann
Davin C. Curtiss
O'Connor & Thomas, P.C.
700 Locust Street, Suite 200
P. O. Box 599
Dubuque, IA 52004-0599

I:\Lit\TLS\ABUSE-PRIEST\Cummins\Pleadings\Summary Judgment Docs\Motion to Strike Supplemental Motion for Summary Judgment.wpd