IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| JAMES CUMMINS, | No. CV04-1028 JAJ |
| Plaintiff, | |
| vs. | **PLAINTIFF'S REPLY TO RESISTANCE TO MOTION TO STRIKE DEFENDANT'S SUPPLEMENTAL MOTION FOR SUMMARY JUDGMENT** |
| THE ARCHDIOCESE OF DUBUQUE, | |
| Defendant. | |

COMES NOW the Plaintiff, James Cummins, and states as follows in reply to Defendant's resistance to the Motion to Strike Defendant's Supplemental Motion for Summary Judgment:

1. Notwithstanding the arguments raised by the Archdiocese of Dubuque ("Archdiocese") in its resistance to Plaintiff's motion to strike, the Archdiocese's Supplemental Motion for Summary Judgment was **not** timely filed.

2. Plaintiff believes that the Archdiocese is mistaken in its reading of and the implications flowing from the Court's July 26, 2005 Order.

3. The October 25, 2004 Scheduling Order and Discovery Plan has always governed the proceedings in Plaintiff's case. That Order required dispositive motions to be filed on or before July 20, 2005. Once July 20, 2005 passed, the ability of either party to file a motion for summary judgment expired.

4. Simply stated, the July 26, 2005 Order did not operate to reinstate the

1

dispositive motion deadline, which by then had already expired.

5. The Archdiocese should note that a scheduling conference was held with the Court on April 26, 2005 to select a trial date in Plaintiff's lawsuit and in the James Paddock lawsuit, and that the Court issued a Trial Management Order on April 27, 2005 in both cases.

6. The Archdiocese will note upon a review of the both of the April 27, 2005 trial management Orders that they did **not** address the summary judgment deadline in either case.[1]

7. Had the Archdiocese wanted a postponement of the summary judgment deadline in Plaintiff's case, it could have asked for such relief before July 20, 2005. However, the Archdiocese did not ask for such relief, and the very fact that the Archdiocese filed a motion for summary judgment on July 20, 2005 indicates that it understood that day to be the last day available for the filing of such a motion.

8. The Archdiocese next argues that its Supplemental Motion for Summary Judgment contains "additional, independent grounds supporting dismissal of Plaintiff's lawsuit, including but not limited to, lack of fiduciary duty, First Amendment protections,

---

[1] The Archdiocese asserts in paragraph three of its resistance to Plaintiff's motion to strike that "[t]he deadline for filing dispositive motions in the Paddock trial management order entered April 27, 2005 was October 3, 2005 which by court order now governs the consolidated cases." This is**not** correct. The October 3, 2005 dispositive motion deadline was set by Order of the Court dated October 26, 2004. The April 27, 2005 trial management order did not address the dispositive motion deadline.

and lack of conspiracy." See Archdiocese Resistance to Motion to Strike, para. 4.

9. If the Supplemental Motion for Summary Judgment is found by the Court to have not been timely filed, then such argument is moot.

10. In any event, the Archdiocese's argument lacks substantial merit.

11. Regarding the issue of fiduciary duty, that issue was squarely before the Court in the first motion for summary judgment. Regardless of whether the Archdiocese raised that issue in its motion for summary judgment, Plaintiff certainly raised it in his resistance. See Brief in Resistance to Motion for Summary Judgment, pp. 11, 18-23. The Archdiocese had a full and fair opportunity to address that argument in its Reply Brief, filed on September 6, 2005, even going so far as to deny the existence of a fiduciary relationship on page 9 of that Reply Brief. The issue of fiduciary duty was also addressed at the September 19, 2005 oral argument.

12. Regarding the issue of First Amendment protections, it must simply be stated that the Archdiocese had a full and fair opportunity to raise that issue in its July 20, 2005 filing and/or its September 6, 2005 filing, and chose not to do so. The Archdiocese raises the issue now in the context of the negligent hiring/negligent supervision claim, which was fully briefed by the Plaintiff in his resistance. See Brief in Resistance to Motion for Summary Judgment, pp. 37-49. The issue of negligent hiring/negligent supervision was also addressed at the September 19, 2005 oral argument.

13. Plaintiff agrees that the civil conspiracy claim (Count VI) had not yet been added to Plaintiff's Complaint and Jury Demand as of July 20, 2005. However, the

Archdiocese again had a full and fair opportunity to address that claim in its September 6, 2005 filing, and again at the oral argument held on September 19, 2005. Plaintiff believes that the question of whether the Court should grant summary judgment on the civil conspiracy claim was part of what was submitted to the Court at the conclusion of the September 19, 2005 oral argument.

14. The Court should see the Archdiocese's Supplemental Motion for Summary Judgment for what it really is: a belated attempt to reargue the original motion for summary judgment. It would be a waste of judicial resources to permit such a motion to proceed in light of these circumstances.

FOR THESE REASONS, Plaintiff James Cummins respectfully requests that the Court enter an Order striking the Supplemental Motion for Summary Judgment filed against him by the Archdiocese of Dubuque on October 3, 2005, and for such other relief as stated herein.

Respectfully Submitted,

DUTTON, BRAUN, STAACK & HELLMAN, P.L.C
Attorneys for the Plaintiff

BY: _Thomas L. Staack /s/CAS_
Thomas L. Staack  Iowa Bar #000005220
LEAD COUNSEL

BY: _Chad A. Swanson_
Chad A. Swanson  Iowa Bar #000014657

3151 Brockway Road
P.O. Box 810
Waterloo, Iowa 50704
(319) 234-4471
(319) 234-8029 FAX
staackt@wloolaw.com
swansonc@wloolaw.com

Copy via electronic service to:

Brendan T. Quann
Davin C. Curtiss
O'Connor & Thomas, P.C.
700 Locust Street, Suite 200
P. O. Box 599
Dubuque, IA 52004-0599

I:\Lit\TLS\ABUSE-PRIEST\Cummins\Pleadings\Summary Judgment Docs\Reply to Resistance to Motion to Strike Supplemental Motion for Summary Judgment.wpd