# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| JAMES CUMMINS, | |
| Plaintiff, | No. C04-1028 |
| vs. | **ORDER** |
| THE ARCHDIOCESE OF DUBUQUE, | |
| Defendant. | |

_____

This matter comes before the court pursuant to plaintiff's September 14, 2005 motion to compel discovery (docket number 35). Specifically, plaintiff seeks to discover documents relating to five complaints the defendant allegedly received about Father Irwin J. Patnode between January 30, 2003 and February 23, 2005. Plaintiff argues that defendant's awareness of the fact that its priests were sexually abusing minors and others prior to July of 1962 is directly relevant to the scope of its duty to the plaintiff, and the breach of that duty by the defendant, which resulted in his own abuse.

Defendant objects to producing the requested documents, arguing that they are not relevant. Alternatively, the defendant relies on Article 1, Section 3 of the Iowa Constitution, the 1st Amendment to the United States Constitution, the victim privacy privilege, and the third party privilege. On September 22, 2005, this court ordered that the defendant produce the requested documents for an in camera inspection. The documents were produced on September 28, 2005 and each of them has been reviewed.

Plaintiff's motion to compel is denied. Fed. R. Civ. P. 26(b)(1) provides, in pertinent part, that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery

of admissible evidence." The documents at issue involve recent complaints of abuse by Father Patnode which occurred in the 1940s. The plaintiff has never claimed to have been abused by Father Patnode. Rather, the plaintiff alleges that he was abused by Father Roach and Father Peters in 1962. Further, the documents at issue are not relevant because they provide no information indicating that the defendant was on notice of any abuse by Father Patnode prior to the spring of 2002. The documents at issue contain no such information. Thus, the court finds that the documents are not relevant under Rule 26(b)(1) and, therefore, not discoverable.

Upon the foregoing,

IT IS ORDERED that plaintiff's motion to compel (docket number 35) is denied. The documents produced for the in camera inspection will be returned to defendant's counsel.

November 7, 2005.

_____
JOHN A. JARVEY
Magistrate Judge
UNITED STATES DISTRICT COURT